The Honorable Bobby L. Glover State Representative P.O. Box 1 Carlisle, AR 72024-0001
Dear Representative Glover:
You have presented the following questions for my opinion:
 (1) Since constables are exempt, pursuant to A.C.A. § 12-9-102, from the requirement to be certified, are they afforded the same rights under A.C.A. § 12-15-202 as certified law enforcement officers?
 (2) What areas in the state are law enforcement officers prohibited from carrying a concealed handgun under A.C.A. § 12-15-202?
RESPONSE
Question 1 — Since constables are exempt, pursuant to A.C.A. § 12-9-102,from the requirement to be certified, are they afforded the same rightsunder A.C.A. § 12-15-202 as certified law enforcement officers?
It is my opinion, as explained more fully below, that constables who are not certified law enforcement officers are not afforded the same rights under A.C.A. § 12-15-202 as certified law enforcement officers, even though they are exempt under A.C.A. § 12-9-102 from the requirement to be certified.
I will begin by setting forth the language of A.C.A. § 12-15-202. It states:
 (a) Any certified law enforcement officer may carry a concealed handgun if that officer:
 (1) Is presently in the employ of a public law enforcement department, office, or agency; and
 (2) Is authorized by the public law enforcement department, office, or agency to carry a firearm in the course and scope of his or her duties; and
 (3) Is not subject to any disciplinary action by the public law enforcement department, office, or agency; and
 (4) Is carrying appropriate written identification issued by the public law enforcement department, office, or agency identifying him or her as a certified law enforcement officer; and
(5) Is not otherwise prohibited under state or federal law.
A.C.A. § 12-15-202.
The term "certified law enforcement officer," as used in the above-quoted statute, is defined as follows:
For purposes of this subchapter, the term:
 (1) "Certified law enforcement officer" means any appointed or elected law enforcement officer or sheriff employed by a public law enforcement department, office, or agency:
(A) Who works forty (40) or more hours per week;
 (B) Who is responsible for the prevention and detection of crime and the enforcement of the criminal, traffic, or highway laws of this state; and
 (C) Who has met the selection and training requirements for certification set by the Arkansas Commission on Law Enforcement Standards and Training;
A.C.A. § 12-15-201.
If the two above-quoted statutes are considered in isolation, it is clear that a constable who has not been certified, as described in the above-quoted definition, does not fall within the provisions of A.C.A. §12-15-202, and therefore is not entitled to the privileges granted by that statute concerning the carrying of concealed handguns. However, the question arises as to whether these provisions are impacted by the fact that constables are both authorized by law to carry weapons in the scope of their law enforcement duties, and are exempt under A.C.A. § 12-9-102
from the certification requirement. It is my opinion that these factors do not change the conclusion conveyed by A.C.A. § 12-15-201 and -202.
My predecessor in office opined that constables, by virtue of their status as law enforcement officers, are permitted to carry weapons "in the course and scope of their official duties." See Op. Att'y Gen. No.97-076. This conclusion was based upon the fact that law enforcement officers, acting in the scope of their official duties, are excepted from the prohibitions stated in A.C.A. §§ 5-73-104, -119, and -120 against carrying certain firearms.
It is my opinion that even if the cited statutes are correctly interpreted as a limited grant of authority to both certified and non-certified law enforcement officers to carry firearms in the scope of their official duties (and I do not address that issue here), such a grant of authority should not be interpreted as a general grant of authority for all law enforcement officers to carry concealed handguns even when they do so outside the scope of their official duties. The general authority of law enforcement officers to carry concealed weapons regardless of whether they do so in the scope of their official duties is set forth in A.C.A. § 12-15-202, quoted above. That statute requires certification, as previously noted.[1] It should also be noted that A.C.A. § 12-15-202 was enacted (as a part of Act 1332 of 1995) during the same legislative session as the concealed handgun law (Act 411 of 1995, codified at A.C.A. § 5-73-301 et seq.). The concealed handgun law also states an exemption from its licensure requirements for "certified law enforcement officers." See A.C.A. § 5-73-304 (emphasis added).
I must conclude from these authorities that constables who are not certified law enforcement officers are not authorized to carry concealed handguns while not in the scope of their official law enforcement duties, unless they have complied with the licensure requirements of the concealed handgun law.
The fact that constables, as elected officials, are exempt under A.C.A. § 12-9-102 from the law enforcement certification requirement does not affect this conclusion. That statute sets forth the definitions of the terms used in that subchapter, which establishes the certification requirements for law enforcement officers. The definition for the term "law enforcement officer" states:
 (1) "Law enforcement officer" means any appointed law enforcement officer who is responsible for the prevention and detection of crime and the enforcement of the criminal, traffic, or highway laws of this state, excluding only those officers who are elected by a vote of the people;
A.C.A. § 12-9-102(1).
Because constables are elected, they do not fall within the definition of "law enforcement officer" for purposes of the certification requirements, and therefore are not required to be certified. This exemption has nothing to do with the authority to carry concealed weapons. It is only an exemption from the certification requirements, not an exemption from the licensure requirements for carrying concealed handguns. To construe it otherwise would render meaningless the provisions of the concealed handgun law (at A.C.A. § 5-73-304) and A.C.A. § 12-15-202, both of which explicitly require law enforcement officers to be certified in order to carry concealed handguns while not in the scope of their official duties, without the license that is required of non-law enforcement officers under A.C.A. § 5-73-301 et seq.[2]
Question 2 — What areas in the state are law enforcement officersprohibited from carrying a concealed handgun under A.C.A. § 12-15-202?
It is my opinion that certified law enforcement officers who are otherwise authorized to carry concealed handguns under A.C.A. § 12-15-202
are not prohibited from carrying concealed handguns in any area of the state. Although the concealed handgun law and other laws prohibit licensed persons from carrying concealed handguns into certain locations, see A.C.A. § 5-73-306; 5-73-119, certified law enforcement officers are exempted from these prohibitions, and therefore may carry concealed handguns into these locations. (In addition, law enforcement officers acting in the scope of their official duties — and presumably, this includes non-certified law enforcement officers — are exempted from the prohibitions of A.C.A. § 5-73-119.)
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
[1] I do not construe the reference in A.C.A. § 12-15-202(a)(2) to law enforcement officers who are "authorized by the public law enforcement department, office, or agency to carry a firearm in the course and scope of his or her duties" to extend to non-certified constables, because the provision requires in its first phrase that such officers be "certified."
[2] Moreover, because A.C.A. § 12-9-102(a) actually excludes constables from the definition of "law enforcement officer," any extension of that definition to other contexts would have the practical effect of taking away any privileges constables might have in their status as law enforcement officers, such as the authority to carry weapons while in the scope of their official duties.